**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| COYOTE LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| IRREGARDLESS WE DO IT RIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, COYOTE LOGISTICS, LLC, by and through its attorneys, CANTY NOVY BERTKAU GORDON, LLC, and as and for its Complaint against Defendant, IRREGARDLESS WE DO IT RIGHT, states as follows:

**THE PARTIES**

1. At all times relevant COYOTE LOGISTICS, LLC ("Plaintiff"), was a Limited Liability Company authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to arrange for the transportation of freight by motor carrier in interstate and foreign commerce with its principal place of business in Chicago, Illinois.

2. At all times relevant, IRREGARDLESS WE DO IT RIGHT ("IWDR"), was a Colorado corporation and federally authorized motor carrier providing transportation services in interstate commerce throughout the United States with its principal place of business in Colorado Springs, Colorado.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 49 U.S.C. § 14706

as the claim for relief is premised in the liability of a motor carrier transporting freight in interstate commerce and conducts business in this District.

4. Venue is also appropriate in this District because Plaintiff and IWDR entered into a Broker-Carrier Agreement in effect at the time of the incident that requires all legal actions between Plaintiff and IWDR to be brought and maintained in Cook County, Illinois. A true and correct copy of the Broker-Carrier Agreement is attached hereto as Exhibit 1.

## THE INCIDENT AND CARGO CLAIM

5. On or about January 27, 2023, Plaintiff, in its capacity as a freight broker and on behalf of its customer, Molson Coors Beverage Company, tendered a load of beer to IWDR for transportation in interstate commerce from Elizabeth, New Jersey to Fort Worth, Texas.

6. At the time the cargo was tendered to, and received by, IWDR, it was in good order and condition as acknowledged on the Bill of Lading issued for the shipment.

7. On information and belief, the tractor-trailer carrying the cargo broke down during transit.

8. The tractor-trailer was towed to Patriot Towing's impound lot and remained there for 29 days.

9. The extended time that the beer remained in the trailer impacted the quality of the beer. Accordingly, the cargo was rejected for failure to maintain proper temperature during transit as required on the Bill of Lading. Therefore, IWDR failed to deliver the cargo in good order and condition.

10. The value of the cargo as shown on the damage claim issued by Molson Coors Beverage Company was $28,927.00.

11. Plaintiff paid $28,927.00 to Molson Coors Beverage Company, in exchange for an

assignment of rights to pursue this claim. A true and correct copy of the Assignment of Claim is attached hereto as Exhibit 2.

12. Plaintiff, on behalf of IWRD, paid Patriot Towing an amount of $4,175.00.

## COUNT I- CARMACK AMENDMENT LIABILITY

13. Plaintiff restates and re-alleges Paragraphs 1-12 as Paragraph 13 as if fully set forth herein.

14. The shipment of the subject cargo involves the transportation of goods by motor carrier in interstate commerce.

15. On or about January 27, 2023, IWDR received and accepted the subject cargo in good order and condition and suitable in every respect for the subject transportation.

16. IWDR failed to deliver the cargo in good order and condition.

17. Pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment"), IWDR, the motor carrier, is liable for damages for the loss to the trailer and consequential damages.

18. Plaintiff demanded, and continues to demand, payment for the cargo loss, tow and storage fees, and consequential damages from IWDR.

19. To date, IWDR has failed to remit payment to Plaintiff for $33,102.00.

WHEREFORE, Plaintiff, COYOTE LOGISTICS, LLC respectfully requests this Honorable Court enter Judgment in its favor in the amount of $33,102.00 against Defendant, IRREGARDLESS WE DO IT RIGHT, plus costs, attorneys' fees, and interest, and for any other relief deemed just under the circumstances.

## COUNT II - BREACH OF INDEMNIFICATION AGREEMENT – IN THE ALTERNATIVE

20. Plaintiff restates and re-alleges Paragraphs 1-12 as Paragraph 20 as if fully set forth herein.

21. At all times relevant, there was a Broker-Carrier Agreement entered into between Plaintiff and IWDR. *See* Exhibit 1.

22. At all times relevant, Plaintiff performed all conditions precedent to the Agreement.

23. The Broker-Carrier Agreement requires IWDR to defend and indemnify Plaintiff against all claims, including losses or damages to cargo shipped under the Broker-Carrier Agreement. *See* Exhibit 1 at ¶ 13.

24. Plaintiff demanded, and continues to demand, that IWDR indemnify Plaintiff in the amount of $33,102.00.

25. IWDR is in breach of its Agreement with Plaintiff, by failing to indemnify Plaintiff.

WHEREFORE, Plaintiff, COYOTE LOGISTICS, LLC respectfully requests this Honorable Court enter Judgment in its favor in the amount of $33,102.00 against Defendant, IRREGARDLESS WE DO IT RIGHT, plus costs, attorneys' fees, and interest, and for any other relief deemed just under the circumstances.

Dated this 29th day of August, 2024

Respectfully submitted,

Plaintiff, COYOTE LOGISTICS, LLC

/s/ *Nicky M. Priovolos*
One of its Attorneys
CANTY NOVY BERTKAU GORDON, LLC

Bradley A. Bertkau (ARDC # 6295889)
Nicky M. Priovolos (ARDC #6321326)
CANTY NOVY BERTKAU GORDON, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL 60601
Telephone: (847) 625-8200
service@cnbglaw.com

4